UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER AND CONNIE NELSON,<br><br>　　　　Plaintiffs,<br>　-vs-<br><br>RECONSTRUCT COMPANY, NA AND BAC HOME LOAN SERVICING, LP, AND JOHN DOES 1-20,<br><br>　　　　Defendants. | NO.  CV-10-0229-LRS<br><br>ORDER DISMISSING FEDERAL CLAIMS AND REMANDING STATE LAW CLAIMS TO CHELAN COUNTY SUPERIOR COURT |

BEFORE THE COURT is Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. Rule 12(b)(6), Ct. Rec. 3, filed on July 29, 2010; and Plaintiffs' Motion for Leave to Amend Complaint,[1] Ct. Rec. 15, filed on September 14, 2010, both noted without oral argument.

In their Complaint, Plaintiffs state causes of action for (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"); (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"); (3) violation of the Washington Consumer Protection Act ("CPA"); (4) breach of the covenants of good faith and

---

[1] It appears that Plaintiffs filed this motion as part of their untimely response to Defendants' motion to dismiss as Plaintiffs did not note said motion for hearing.

ORDER - 1

fair dealing and (5) breach of contract. Plaintiffs also seek to restrain the Trustee's Sale of their property.

The Defendants "removed" this action from Chelan County Superior Court on July 22, 2010 based on 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), and 28 U.S.C. §§ 1441 and 1446.

Defendants seek dismissal of all claims. As for the federal causes of action, Defendants argue that Plaintiffs' Complaint fails to state a claim for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") or the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") because the alleged violations at issue are subject to a strict one-year time limitation that has long since expired. Defendants further assert that even if Plaintiffs' TILA and RESPA claims were not time-barred, Plaintiffs' complaint does not identify any actual violations of these statutes nor do they allege facts that would support any such violations. In their response, which was filed untimely, Plaintiffs concede that their federal claims (TILA and RESPA) are not well pleaded. The court, having reviewed all pleadings, finds that these federal claims are time-barred under the strict one-year time limitation under 15 U.S.C. §1640(e) and 12 U.S.C. § 2614 and are hereby dismissed with prejudice.

As for the state law claims, Defendants argue that the contract-based claims are barred by the Statute of Frauds. Plaintiffs, on the other hand, request that in the event the court dismisses their federal claims, the state law claims be remanded back to state court. Plaintiffs also indicate that they may need to bring in an additional party to

provide complete relief. Specifically, the Plaintiffs state they need to join the predecessor in interest to defendant BAC Home Loan Servicing, LP. To that end, Plaintiffs have moved for leave to amend their Complaint.

Given the fact that the court is dismissing the federal claims, and that the case now alleges purely state law claims, the court denies Plaintiffs' request for leave to amend and remands the balance of state law claims and Plaintiff's motion to amend to the state court for further proceedings.

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. Rule 12(b)(6), **Ct. Rec. 3**, filed on July 29, 2010, is **GRANTED in part** and **DENIED in part**. The federal claims for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") are **DISMISSED** with prejudice.

2. The remaining state law claims are **REMANDED** to the Chelan County Superior Court pursuant to 28 U.S.C. §1447(c)(lack of federal subject matter jurisdiction).

3. Plaintiffs' Motion for Leave to Amend Complaint, **Ct. Rec. 15**, filed on September 14, 2010, is **DENIED** without prejudice to renew the same in state court in light of the above ruling, which remands all remaining state law claims to state court.

///
///
///

ORDER - 3

1  **IT IS SO ORDERED**.  The District Court Executive is directed to file
2 this order, **provide a certified copy to the Chelan County Superior Court,**
3 and shall close this file.
4  **DATED** this 26th day of October, 2010.

6                                             *s/Lonny R. Suko*
7                                     ─────────────────────────────────
                                              LONNY R. SUKO
8                                    CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4